**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**WILLIAM FRANCISCO RIOS,**

***Plaintiff*,**

**v.**

**Case No. SA-25-CV-01620-JKP**

**FRANCK BISIGNANO, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION;**

***Defendant*.**

**O R D E R**

Before the Court is Plaintiff William Rios's Unopposed Motion for Attorney Fees to be paid pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *ECF No. 16*. The Motion is **GRANTED IN PART and DENIED IN PART**.

**FACTUAL AND PROCEDURAL BACKGROUND**

Rios filed his application for disability benefits on December 3, 2025. Following the filing of Rios's brief, Defendant filed an Unopposed Motion to Remand to Social Security Administration, which this Court granted. *ECF Nos. 9,14*. Now, pursuant to the EAJA, 28 U.S.C. § 2412, as the prevailing party, Rios requests this Court award attorney's fees of $9,999.00 and costs in the amount of $405.00. This proposed award is for 43.2 attorney hours billed at a rate of $240.71 per hour and 3.3 paralegal hours billed at a rate of $100.00 per hour. The Motion appears to request this award be paid directly to Rios's attorney.

## DISCUSSION

The Court's determination whether the fee amount requested is reasonable requires examination of the hours worked and the rate sought. *Matthews v. Berryhill*, No. 4:18-CV-4795, 2020 WL 242487, at *2 (S.D. Tex. Jan. 16, 2020); *Mesecher v. Berryhill*, No. 15-CV-859, 2017 WL 4417682, at *1 (N.D. Tex. Oct. 3, 2017).

**Reasonability of Hourly Fee**

The EAJA provides a mandatory attorney-fee award for a prevailing party that meets certain financial eligibility requirements.[1] *Baker v. Bowen*, 839 F.2d 1075, 1079-80 (5th Cir. 1988). An award of attorney fees under 28 U.S.C. § 2412 is to be based upon the prevailing market rate for the kind and quality of the services furnished, not in excess of $125 per hour, unless the Court determines an increase in the cost of living or a special factor justifies an award using a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A).

When an attorney seeks an adjustment of fees above the allowed hourly rate of $125/hour, the movant must establish facts showing the requested adjustment in hourly fee is substantially justified or show special circumstances that make an award at the statutory rate unjust. *Baker v. Bowen*, 839 F.2d 1075, 1079-1080 (5th Cir. 1988); *Edwards v. Comm'r of Soc. Sec.*, No. 4:22-CV-00520, 2023 WL 5417148, at *1 (S.D. Tex. Aug. 7, 2023), report and recommendation adopted, 2023 WL 5401882. "Paralegal work can only be recovered as attorney's fees if the work is legal rather than clerical." *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001); *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982). The court has wide discretion in calculating any increase in the hourly rate. *Matthews*, 2020 WL 242487, at *2. In making this determination, Courts routinely use cost-of-living adjustment based on the Consum-

---

[1] The parties do not dispute that Rios was a prevailing party. Court finds under the EAJA Rios was a prevailing party, and therefore eligible for recovery of attorney fees.

er Price Index ("CPI") report compiled by the United States Bureau of Labor Statistics for the region where the services were performed, not where the attorney resides or in a jurisdiction that is close to that in which the case was filed. *See e.g., Hall v. Shalala,* 50 F.3d 367, 370 (5th Cir. 1995); *Baker v. Bowen,* 839 F.2d 1075, 1084 (5th Cir. 1988); *Mesecher*, 2017 WL 4417682, at *2.

In support of the upwardly adjusted hourly rate, Rios's attorney provides no briefing to support special circumstances for upward adjustment of the hourly rate based upon the procedural history and complexity of this case. Rios's attorney states only that the requested hourly rate is based upon "the South Urban CPI rate for 2025 for attorney time." *ECF No. 16. P. 4*. Rios's attorney's billed hourly rate is higher than the allowed statutory rate of $125, requiring determination whether an increase in the cost of living or a special factor justifies a higher hourly fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii).

The Court finds Rios's attorney does not satisfy the burden required by § 2412 to show justification for the requested increase in the statutory hourly rate. In awarding attorney fees, this Court must review the appropriate rate in the jurisdiction in which the case is filed, as suggested.[2] *See Matthews*, 2020 WL 242487, at *2–4. In addition, Rios's attorney provides no argument or proof to support an upward adjustment. The Court finds an increase in the cost of living or a special factor justifies an award using a higher hourly rate. *See* 28 U.S.C. § 2412(d)(2)(A). Accordingly, to maintain uniformity in this region, the Court reviewed similar recent cases in this San Antonio Division of the Western District of Texas in which the Court issued an Order of

---

[2] Southwest Information Office, U.S. Bureau of Labor Statistics, https://www.bls.gov/regions/southwest/tx_sanantonio_msa.htm, categorizing the Consumer Price Index data for San Antonio as that of the "South Region."

Remand to devise an appropriate award. This review revealed these courts award a fee with a range of hourly rate of approximately $200/hour for attorney work.

Based upon this review, the Court finds an appropriate hourly rate for compensation for attorney work in this case to be $200/hour.

Rios seeks compensation for work by paralegals at the rate of $100 per hour. The work of a paralegal is reimbursable under the EAJA, provided that it is legal rather than clerical. *Richlin Security Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008); *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982). Neither party disputes, and the record reflects, the work performed by the paralegal was legal in nature, not clerical. Thus, the Court also finds an hourly rate of $100 per hour for work by a paralegal to be justified.

Rios also seeks costs in the amount of $405.00 for the initial filing fee, which is appropriate.

**Reasonability of Number of Hours**

The Court must also determine the reasonability of the number of attorney and paralegal hours expended. Again, Rios's counsel failed to provide or establish argument or proof pertaining to the reasonability of the submitted hours for reimbursement.

Fee applicants must exercise billing judgment when submitting a bill for reimbursement under the EAJA, which requires them to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). A fee applicant has the burden to show that his requested fees are appropriate and justified. *Id.*; *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987). For this reason, the applicant bears "the burden of proving the reasonableness of the number of hours expended on his prevailing claim." *Von Clark v. Butler,* 916 F.2d 255, 259 (5th Cir.1990); *Garza v. Astrue*, No. SA-08-CV-789,

2010 WL 2278348, at *1 (W.D. Tex. June 4, 2010). A court has discretion to limit hourly fees should it determine the amount requested is not reasonable under the circumstances of the case. *See Artyemarie F. v. Comm'r of Soc. Sec.*, No. 3:24-CV-00095, 2025 WL 1311357, at *2 (S.D. Tex. May 6, 2025), report and recommendation adopted, 2025 WL 1476580 (May 22, 2025); *Garza v. Astrue*, 2010 WL 2278348 at *2 (W.D. Tex. 2010, No. SA-08-CV-789).

Review of the provided Itemization of Time Expended reveals redundancy and excessive billing for briefing and review of the medical records, or perhaps error in the placement (or lack of placement) of decimal points. The Court's review of the docket reveals this itemization of time expended to be beyond that typical in remanded cases. Accordingly, limited to this case and based upon the procedural history of this case, the Court finds the 43.2 hours submitted for reimbursement to be unreasonable under the facts and perhaps in error. For this reason, the Court adjusts the attorney hours to 30.

The claimed paralegal hours of 3.3 hours will not be adjusted.

**Receipt of Payment**

To the extent Rios seeks to have the Court make the award payable Rio's counsel.

As the prevailing party, an award under the EAJA must be paid directly to a Plaintiff/claimant. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Accordingly, even upon agreement, and where the payment is not subject to offset, payment of EAJA fees must be made payable to Plaintiff, as the prevailing party, not counsel. *Jackson v. Astrue*, 705 F.3d 527, 531 & n.11 (5th Cir. 2013); *Goin v. Colvin*, No. 3:12-CV-2471, 2013 WL 1797862, at *6 (N.D. Tex. Apr. 29, 2013).

The Court's award of fees in this case will be made payable directly to William Rios and mailed to his counsel.

## CONCLUSION

For the reasons stated herein, the court finds a reasonable fee award for the hours worked in this case is $6,330.00, which includes 30.0 hours of attorney time billed at the upwardly adjusted rated of $200 per hour and 3.3 hours of paralegal time billed at $100.00 per hour. This determination is limited to the circumstances and procedural history of this case.

Recovery of costs in the amount of $405.00 is reasonable.

**The Commissioner shall pay to Pena the sum of $6,735.00** ($6,330.00 fees + $405 costs) pursuant to EAJA, 28 U.S.C. § 2412(d), by making the payment payable to William Rios, the Plaintiff in this case, and sending this payment to Plaintiff's counsel, Karl E. Osterhout, Osterhout Berger Daley, LLC, 521 Cedar Way, Suite 200 Oakmont, PA 15139.

Defendant's payment of this amount bars any and all claims Rios may have relating to EAJA fees and expenses in connection with this action. The SSA's payment of this amount is without prejudice to Rio's right to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

It is so ORDERED.
SIGNED this 31st day of August, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE